---

UNITED STATES LIFE INS. CO. v. LA GRAVE et al.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. JUDGMENT (§ 831*)—FOREIGN JUDGMENTS.

A judgment foreclosing a mortgage is, as to a subsequent incumbrancer residing in France, a foreign judgment, though she was represented by attorneys at the sale.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 831.*]

2. JUDGMENT (§ 492*)—COLLATERAL ATTACK—WANT OF JURISDICTION—UNAUTHORIZED APPEARANCE.

A judgment cannot be collaterally attacked by a person whose interests are affected thereby because of want of authority of his attorneys to appear; he being a resident, of whom the court had jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 930; Dec. Dig. § 492.*]

3. JUDGMENT (§ 352*)—VACATING—GROUNDS—UNAUTHORIZED APPEARANCE—NECESSITY OF RESORTING TO EQUITY.

Attorneys authorized by the son of a subsequent incumbrancer residing in France appeared for such nonresident in an action to foreclose the prior mortgage. More than two years after the foreclosure sale, such nonresident moved to set aside the appearance as unauthorized, but it was doubtful under the evidence whether her son was not empowered to authorize the appearance by the attorneys. Held that, while a motion upon affidavits to set aside an unauthorized appearance was ordinarily the proper remedy, under the circumstances the complaining party should resort to equity for the relief.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 689; Dec. Dig. § 352.*]

Appeal from Special Term, New York County.

Action by the United States Life Insurance Company against Sophie Marchais La Grave, impleaded with others. From an order denying a motion to set aside a notice of appearance by attorneys, the defendant named appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Archibald R. Watson, for appellant.

David B. Ogden, for respondent.

HOUGHTON, J.   The appellant, La Grave, was the owner of a fractional part of a mortgage given to plaintiff, which fractional part was agreed should be deemed a subsequent lien to that portion retained by plaintiff.   Plaintiff began foreclosure proceedings of that part of the mortgage held by it and appellant was made a party defendant; the complaint setting forth her interest in the mortgage.   No service of process was made on her, but attorneys assuming to represent her served a notice of appearance in her behalf, and on such appearance judgment was taken and a sale had; the property bringing only an amount sufficient to substantially satisfy the plaintiff's claim and costs of foreclosure.   Upwards of two years after the sale was had, appellant moved to set aside the notice of appearance by attorneys served in her behalf, on the ground that such appearance by the attorneys was unauthorized.   The relief which she asked was that she be restored to the status she occupied before the judgment of foreclosure was granted.   This motion was denied, and she appeals.

At all the times in question appellant was a resident of the republic of France, and had never been a resident of the state of New York. The money with which an interest in plaintiff's mortgage was purchased was sent by her to her son in this state, who made the purchase for her and authorized the appearance of attorneys in the foreclosure action in her behalf which appearance she now repudiates.   While it is ordinarily proper practice to move to set aside an unauthorized notice of appearance by attorneys when judgment has been taken through such appearance (Vilas v. P. & M. R. R. Co., 123 N. Y. 440, 25 N. E. 941, 9 L. R. A. 844, 20 Am. St. Rep. 771), we think the situation presented in the present case is such that the question of whether the appearance was authorized or unauthorized should not be passed upon by affidavits, but should be determined upon common-law proof.   The property involved has been sold at foreclosure sale.   There was delay in moving even after appellant learned of such sale, and there is doubt whether the son did not have implied authority to employ attorneys under the particular circumstances surrounding the transaction.   The appellant being a nonresident, the judgment of foreclosure which plaintiff obtained as to her is a foreign judgment, and she is entitled to treat it as a judgment of a foreign jurisdiction.   She is a subsequent incumbrancer, and, if she has not been cut off by the foreclosure brought by plaintiff, she herself can bring an action to foreclose and her rights can be thus preserved.   If appellant had been a resident of the state, and judgment had been taken against her on an unauthorized appearance by the attorneys, there would have been no possibility of her setting up collaterally the lack of authority of the attorney to appear in her behalf.   Brown v. Nichols, 42 N. Y. 26; Denton v. Noyes, 6 Johns. 296, 5 Am. Dec. 231.   She being a nonresident and the judgment of foreclosure being a foreign one as to her, it is possible that she might litigate collaterally and defensively the unau-

thorized appearance by attorneys in her behalf and the consequent lack of jurisdiction of the court to render judgment against her.  See 3 Cyc. 534.  But it is unnecessary to decide this latter question because we are persuaded under the peculiar facts existing that the appellant should be compelled to resort to an action in equity to obtain relief. While the practice of obtaining relief from an unauthorized appearance by attorneys is commended and asserted to be proper practice in Vilas v. P. & M. R. R. Co., supra, it is conceded that special circumstances may exist which may render remedy by motion inadequate and relegation of the alleged injured party to an action in equity proper. In our opinion such special circumstances exist in the present case.

Without expressing any opinion as to the merits of appellant's position, our conclusion is that the order should be affirmed, with $10 costs and disbursements.  All concur.